**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KIMBERLY GOMEZ,

    Plaintiff,

v.                                      Case No:   6:23-cv-1765-CEM-LHP

OPTAVISE, LLC,

    Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT'S SHORT-FORM DISCOVERY MOTION TO COMPEL AND DEEM PLAINTIFF'S INSUFFICIENT RESPONSES TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS ADMITTED (Doc. No. 36)**
>
> **FILED:** September 13, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On August 1, 2024, Defendant served its First Requests for Admissions ("RFAs") on Plaintiff.  Doc. No. 36-3.  Plaintiff served her responses on September 3, 2024, which Defendant contends violate Fed. R. Civ. P. 36 because they:  (1) limit

Plaintiff's admissions to the "best of her knowledge and belief" without explaining whether she made a reasonable inquiry and why she lacks sufficient information to enable a complete admission or denial; (2) re-phrase the RFAs "to admit only generalities. . . while avoiding direct response to the actual RFA;" (3) "condition admissions on the simultaneous denial of the 'inferences and allegations associated therewith;'" and (4) contain an improper objection to RFA 9 on the basis that it seeks a legal conclusion. Doc. No. 36, at 2-3. As such, Defendant moves to deem the RFAs admitted in their entirety. *Id.*, at 3.

Plaintiff has not responded to Defendant's motion, and her time for doing so has expired. *See* Doc. No. 25, ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion). Accordingly, the Court deems the motion to be unopposed in all respects. *See id.* (stating that failure to file a timely response will result in the discovery motion being deemed unopposed).

Despite the fact that the motion is unopposed – and that it appears Plaintiff's counsel has failed to confer as required by Local Rule 3.01(g) and this Court's Standing Order on Discovery Motions (Doc. No. 25, ¶ 1) – the Court finds that the motion is due to be denied.[1] *See, e.g., Aviles-Velez v. Monlux*, No. 8:24-cv-556-SDM-

---

[1] The Court is troubled by Plaintiff's counsel's failure to comply and will be issuing

- 2 -

SPF, 2024 WL 3046241, at *1-2 (M.D. Fla. June 18, 2024) (denying motion to compel on the merits despite the opposing party's failure to timely respond); *Favreau v. Walmart Stores E., L.P*, No. 3:10-cv-877-J-34MCR, 2011 WL 721504, at *2 (M.D. Fla. Feb. 22, 2011) (denying unopposed portion of motion to compel following review and determining the discovery requests were not appropriate or relevant).

Federal Rule of Civil Procedure 36 governs Requests for Admissions, and provides limited options for answering an RFA:

> **(4)** *Answer.* If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.   The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> **(5)** *Objections*. The grounds for objecting to a request must be stated.   A party must not object solely on the ground that the request presents a genuine issue for trial.
>
> **(6)** *Motion Regarding the Sufficiency of an Answer or Objection.* The requesting party may move to determine the sufficiency of an answer or objection.   Unless the court finds an objection justified, it must order that an answer be served.   On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.   The court may defer

---

a separate order to show cause as to why sanctions should not be imposed.

> its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(4)-(6).

The Court finds that Plaintiff's responses satisfy Rule 36(a)(4) and (5). Plaintiff states that the answers are to the best of her knowledge and belief, she explains the portions that she admits, explains the portions that she denies, and her objection to RFA 9 is well founded. *See* Doc. No. 36-4. The Court does not find that Plaintiff has recast or rephrased the RFAs, rather she has qualified her responses as permitted under Rule 36(a). To the contrary, it appears from Defendant's motion that there is a dispute at present as to the authenticity of a March 4, 2020 email, which Defendant is attempting to force Plaintiff to admit via the RFAs, and Plaintiff has sufficiently responded to the RFAs. *See, e.g., Gaines v. Robinson Aviation (RVA), Inc.*, No. 6:14-cv-391-Orl-40GJK, 2014 WL 12617916, at *3 (M.D. Fla. Dec. 10, 2014) (denying portion of motion requesting to deem RFAs admitted where plaintiff denied the RFAs and provided an explanation).

That said, the Court draws the parties' attention to Federal Rule of Civil Procedure 37(c)(2), which provides that "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that

proof." Fed. R. Civ. P. 37(c)(2). In such cases, the court must award expenses and fees unless: "(A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; or (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit." *Id. See also Dillon v. Palm Beach Cty. Sheriff's Off.*, No. 17-80955-CV, 2018 WL 7624877, at *2 (S.D. Fla. Sept. 10, 2018).

Accordingly, Defendant's Short-Form Discovery Motion to Compel and Deem Plaintiff's Insufficient Responses to Defendant's First Request for Admissions Admitted (Doc. No. 36) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on September 23, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties